IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2152-FL

| | | |
|---|---|---|
| CARLOS DEMORIS DARDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| D.R. STEPHENS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss (DE #4) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent D.R. Stephens.[1] The issues raised in this motion are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

## STATEMENT OF THE CASE

On February 9, 2005, petitioner pleaded guilty, without a plea agreement, to one count of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1). Petitioner was sentenced to a term of one hundred and twenty months imprisonment. The Fourth Circuit affirmed petitioner's sentence on June 9, 2006. United States v. Darden, 184 F. App'x 353 (4th Cir. 2006) (per curiam).

On June 7, 2007, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the sentencing court. The court dismissed the § 2255 petition, not only

---

[1] Also before the court is petitioner's motion to supplement (DE # 7). Petitioner asks to supplement his § 2241 petition with additional support. For good cause shown, the motion to supplement is ALLOWED.

because petitioner had already raised the same challenges on direct appeal but also because these challenges were without merit. Petitioner appealed, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Darden, 269 F. App'x 255 (4th Cir. 2008) (per curiam).

On December 7, 2009, petitioner filed this action pursuant to 28 U.S.C. § 2241. In his petition, petitioner alleges that he is actually innocent of his sentencing enhancement under U.S.S.G. § 2K2.1(a)(2) pursuant to the United States Supreme Court in Chambers v. United States, 129 S.Ct. 687 (2009). Respondent filed a motion to dismiss on February 16, 2010, arguing that petitioner's claim should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241. On March 12, 2010, petitioner filed a response. Petitioner filed a motion to supplement his § 2241 petition on August 4, 2010.

## DISCUSSION

I.  Motion to Supplement

Petitioner requests permission to supplement his § 2241 petition to present the court with additional support for his petition. For good cause shown, petitioner's motion is GRANTED.

II. Motion to Dismiss

   A.  Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the petitioner. Republican Party, 980 F.2d at 952.

B.  Analysis

Petitioner asserts that the sentencing court erred in calculating his base offense level at 24, pursuant to U.S.S.G. § 2K2.1(a)(2), on the grounds that his prior North Carolina felony conviction for escape from state prison does not constitute a crime of violence in light of the United States Supreme Court's decision in Chambers. Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

>cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Respondent argues that petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct no longer is criminal. In particular, respondent points out that petitioner is not attacking the legality of his § 922(g) conviction, but limits his attack to his sentencing enhancement pursuant to U.S.S.G. § 2K2.1(a)(2). In response, petitioner argues that the Eleventh Circuit recently addressed a similar issue and allowed a petitioner to proceed, pursuant to § 2241, with his claim that he is actually innocent of his career offender sentencing enhancement. See Gilbert v. United States, 609 F.3d 1159, 1165 (11th Cir. 2010). The court in Gilbert reasoned that "the act of being a career offender is essentially a separate offense, with separate elements . . . , which must be proved, for which separate and additional punishment is provided." Id. The Fourth Circuit, however, has not extended the reach of the savings clause to petitioners challenging only their sentence. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008)[2]. Additionally, the third circuit has rejected the Eleventh Circuit's analysis in Gilbert. See United States v. Kenney, No. 01-4318, 2010 WL 3279172, at *2 n.2 (3d Cir. Aug. 20, 2010). Thus, this court finds that the Eleventh Circuit's analysis is not determinative of this action, and that petitioner has not satisfied the Jones criteria by establishing that § 2255 is "inadequate or ineffective to test the legality of his detention." Because petitioner has not satisfied the criteria set forth in Jones

---

[2] The court notes that the Fourth Circuit, in United States v. Maybeck, 23 F.3d 888, 894 (4th Cir. 1994), found the petitioner "actually innocent of being a Career Offender because he had only one relevant prior felony conviction instead of the required two (2) predicate felony convictions." However, in Maybeck, the petitioner brought his petition pursuant to section 2255 in the sentencing court.

4

for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). Petitioner has not shown either of these. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping provision. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, petitioner's motion to supplement (DE # 7) is GRANTED. Respondent's motion to dismiss (DE # 4) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of September, 2010.

                              LOUISE W. FLANAGAN
                              Chief United States District Judge

5

Case 5:09-hc-02152-FL Document 9 Filed 09/20/10 Page 5 of 5